[J-34-2014] [MO: Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 65 MAP 2013 |
| | : |
| Appellee | : Appeal from the Order of the Superior |
| | : Court entered December 17, 2012 at No. |
| | : 317 MDA 2012 which Affirmed the |
| v. | : Judgment of Sentence of Franklin County |
| | : Court of Common Pleas, Criminal Division |
| | : entered January 11, 2012 at No. |
| TERRY LEE TAYLOR, | : CP-28-CR-0001177-2011. |
| | : |
| Appellant | : ARGUED:   May 6, 2014 |

## DISSENTING OPINION

**MR. JUSTICE EAKIN**                    **DECIDED:   November 20, 2014**

I cannot agree a court has no authority to sentence without an assessment which "[t]he defendant shall be subject to[.]"  75 Pa.C.S. § 3814(2).   Furthermore, I disagree that the lack of assessment appellant's sentence illegal, as the sentence imposed was within the lawful range regardless of the assessment results.   I respectfully dissent.

Being "subject to" an assessment is a far cry from having a right to an assessment. The accused here was "subject to" many things, including all the potential sentencing options and consequences available under the law — that does not make those consequences mandatory.   The clear import of this language is that if the court ordered an assessment, the accused must cooperate — he is "subject to it."  It suggests the legislature thought an assessment would be a good idea, helping the court fashion an appropriate sentence.   However, it is difficult to find where it unequivocally demands an assessment on pain of causing the sentence to be illegal.  Does a judge impose an illegal sentence by sentencing without something to which a defendant is merely "subject

to" and nothing more? I think not. It might be so if the defendant was "entitled to" the assessment, or the judge was "required" to order it, or the assessment was "mandatory," but that simply is not what the statute says. Respectfully, appellant has slipped the rabbit into the hat by premising his argument on the conclusory premise that § 3814(2) is a right of the accused, not an obligation. Being "subject to" an assessment does not make the assessment something to which one is entitled.

Even if failure to obtain an assessment is an error, we must remember that not every sentencing error renders a sentence illegal. See Commonwealth v. Foster, 17 A.3d 332, 356 (Pa. 2011) (Eakin, J., concurring) ("There is a difference between something that is wrong, and something that is illegal."). Here, appellant was sentenced to 45 days to six months imprisonment, a sentence within the lawful range. [1] Consequently, the failure to obtain a full assessment, even if error, does not impact the lawfulness of appellant's sentence.

What the lack of a full assessment does impact is the discretionary aspects of the sentence. Indeed, the very nature of an assessment is to assist the court's discretion. Section 3814(1) says quite clearly the evaluation under § 3816 is "to assist the court in determining what type of sentence would benefit the defendant and the public[,]" id., § 3814(1) — that is, to assist the determination of sentence, a matter of the court's discretion. It is not to direct the court or restrict the court; it does not compel the court, suggest a mandatory result, or affect the statutory minimums or maximums. Likewise, § 3816(a) repeats the same language. Both involve the discretionary aspects of the

---

[1] Thirty days is appellant's mandatory minimum sentence, see 75 Pa.C.S. § 3804(b)(2)(i); six months is appellant's statutorily available maximum sentence, see id., § 3803(b)(1).

sentence, by their very definition, and discretionary aspects of sentencing do not entail legality of sentence.

Because I find the assessment does not affect the legality of sentence, I would not go further and address the issue of waiver. I also note that the transcripts support the suggestion that appellant attempted to use the assessment issue to further delay his sentencing. See N.T. Sentencing, 1/11/12, at 3-4; see also Trial Court Opinion, 4/23/12, at 3-4. This does concern the dangers of treating the assessment as a right of the accused rather than a tool of the court. Accordingly, I dissent.

Mr. Justice Stevens joins this dissenting opinion.